UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRESA MACE, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Cause No.: 3:21-cv-1709 |
| § | |
| REPUBLIC HEALTH CORPORATION OF § | |
| ROCKWALL COUNTY d/b/a REPUBLIC § | JURY DEMAND |
| HEALTH ROCKWALL and LAKE § | |
| POINTE OPERATING COMPANY, L.L.C. § | |
| d/b/a BAYLOR SCOTT & WHITE § | |
| MEDICAL CENTER – LAKE POINTE, § | |
| § | |
| *Defendants.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Plaintiff Tresa Mace, by and through her attorney, and files this her Original Complaint, stating as follows:

### I.  PARTIES

1. Plaintiff Tresa Mace is a citizen and resident of Hunt County, Texas. At the time of the events in question, she resided in Royce City, Rockwall County, Texas.

2. Defendants Republic Health Corporation of Rockwall County d/b/a Republic Health Rockwall; and Lake Pointe Operating Company, L.L.C. d/b/a Baylor Scott & White Medical Center – Lake Pointe, (collectively, "Lake Pointe") are joint employers and/or jointly own and manage Lake Pointe Medical Center in Rockwall, Texas.

3. Defendant Republic Health Corporation of Rockwall County d/b/a Republic Health Rockwall is a Nevada corporation, organized under the laws of Nevada and has as its principal address in Texas at PO Box 809088, Dallas, Texas 75380. Its agent for service of process is:

CT Corporation System  
1999 Bryan Street, Suite 900  
Dallas, Texas 75201

4. Defendant Lake Pointe Operating Company, L.L.C. d/b/a Baylor Scott & White Medical Center - Lake Pointe is a Texas limited liability company, organized under the laws of Texas and has as its principal address at 1445 Ross Avenue, Suite 1400, Dallas, Texas 75202. Its agent for service of process is:

Corporation Service Company  
211 E. 7th Street, Suite 620  
Austin, Texas 78701

## II.    JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this matter pursuant to the American with Disabilities Act (1990 as amended), 29 U.S.C. § 621, et seq. This Court has personal jurisdiction over the parties because all parties reside or conduct business in this District and Division.

6. Venue in this district is proper under 28 U.S.C. § 1391(b), because the actions that give rise to this action occurred within Rockwall and/or Dallas Counties, both of which are within this District and Division.

7. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) within 300 days of Defendant's discriminatory conduct. Plaintiff received a Notice of Right to Sue from the EEOC on or around April 23, 2021, relating to her Title VII claims and brings this lawsuit within ninety (90) days. Based on the foregoing, all jurisdictional prerequisites to this suit have been met.

## III.    FACTS

8. At all times relevant to this case, Plaintiff was an employee of the Defendant as defined in the ADA.

**Plaintiff's Original Complaint – Page 2 of 6**

9. At all times relevant to this case, Defendant has been an "employer" within the meaning of the ADA.

10. Ms. Mace began working for Lake Pointe, and/or its corporate predecessors, in early 2015 as an Executive Assistant to Lake Pointe's CEO and CFO. She served without incident or negative report until she was diagnosed with cancer. She received her cancer diagnosis on or about October 19, 2016, and she told Brett Lee (Lake Pointe's CEO) and David Olmstead (Lake Pointe's Chief of Human Resources) of her diagnosis the same day.

11. Indeed, Ms. Mace delayed her cancer surgery in December to accommodate a temporary replacement being found for her.

12. Although she was scheduled to return from FMLA leave on January 12, 2017, Ms. Mace was told by Mr. Olmstead not to return until January 19, 2017. No reason was given for the delayed restart date at that time. However, upon her return on that date, she discovered that the delay was for the training of her replacement employee.

13. Upon her return, Ms. Mace was subjected to an ongoing series of retaliatory actions on the part of Lake Pointe. These retaliations included, but were not limited to:

   a) Being replaced by a permanent new employee, not a temporary employee, and the related demotion to a "floater" type position, which caused humiliation by coworkers thinking she had been demoted and even fired;

   b) Being reassigned to a desk, which was stuck in a file room, and which initially lacked a computer or other appropriate office equipment;

   c) Being repeatedly denied medical accommodations requested by her doctors;

   d) Being assigned large projects without access to necessary computer software;

   e) Being investigated for alleged improper use of her corporate credit card by others while she was on FMLA leave;

  f)  Being placed on a PIP due to her attendance issues, despite the fact that she was attending medical appointments for her cancer treatment, which were FMLA approved;

  g)  Being constantly pressured by supervisors to take FMLA leave sooner than necessary for an upcoming surgery, which surgery was directly linked to the lack of reasonable accommodation; and

  h)  Having Mr. Lee interfere with and pressure Ms. Mace's treating physician, a surgeon with medical privileges at Lake Pointe, to refuse to perform surgery after that surgeon had said it was necessary, presumably due to pressure from the facility not to perform it.

14. Indeed, to explicate the above, Ms. Mace was assigned to special projects at a time when she could have been returned to her prior job. Her return was delayed so she would not see her desk was empty and that her replacement was still being trained. She was assigned to a work project and a location that was designed to embarrass her. The amount of "special projects" she was assigned effectively doubled her workload as she was coming off of difficult cancer treatment. Despite the fact that she had ongoing need for follow-up cancer treatments, her requests for continued intermittent FMLA for her appointments were routinely denied without cause. Despite swelling and injury in one leg, for which the accommodation of a leg-scooter was both reasonable and medically needed, the request was denied. This exacerbated her injury, causing a need for surgery, which her physician scheduled, but subsequently cancelled after interference by Mr. Lee.

15. All of the above resulted in Ms. Mace being constructively discharged by Lake Pointe on January 4, 2018, due to the stress, anxiety, and depression caused by the harassment and hostile work environment she suffered, all because of a cancer she did not ask for and because of Lake Pointe's refusal to show compassion and protect her legal rights. *See Hammond v. Katy Indep. Sch. Dist.,* 821 S.W.2d 174, 177 (Tex.App.—Houston [14th Dist.] 1991, no writ) (a constructive discharge occurs when an employer forces the employee to quit by making work

conditions intolerable.).

16. Due to the exacerbation of her injury caused by Lake Pointe and her subsequent cancer treatments, Ms. Mace is now on long-term disability. However, she had the ability to work for well over a year prior to reaching this level, time for which she has the right to recover monetary damages. Additionally, she has the right to recover for the mental anguish caused by the above actions, attorney fees, and potentially punitive damages.

## IV.   CAUSES OF ACTION

### DSICRIMINATION AND/OR RETALIATION UNDER THE ADA

17. Plaintiff realleges each allegation set forth in the paragraphs above.

18. Plaintiff was qualified for his position at all times while working for Defendant. Plaintiff was both disabled and regarded as disabled in light of her diagnosis with cancer and her limitations in the ability to walk.

19. Defendant's conduct constitutes discrimination under the ADA regarding the failure to provide reasonable accommodation, harassment, and wrongful termination.

20. Defendant's conduct constitutes retaliation under the ADA regarding the failure to provide reasonable accommodation, harassment, and wrongful termination.

21. Defendant's conduct was intentional and/or reckless to Mace's rights to be free from discrimination based on disability or retaliation for seeking her rights under the ADA.

22. As a result of Defendant's violations of the ADA, Plaintiff has suffered severe mental and emotional trauma, actual damages in the form of lost wages and benefits and other losses. Plaintiff requests that she be awarded all compensatory damages to which she is entitled, including loss of wages, mental anguish and emotional distress, loss of enjoyment of life, and punitive damages, as well as equitable relief, and attorney fees and costs.

## V.   JURY DEMAND

23.   Plaintiff respectfully requests a trial by jury.

## VI.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that Defendants be cited to appear and answer herein and that a jury trial be had, and that judgment be entered for Plaintiff against Defendants Republic Health Corporation of Rockwall County d/b/a Republic Health Rockwall; and Lake Pointe Operating Company, L.L.C. d/b/a Baylor Scott & White Medical Center – Lake Pointe, based on such a verdict, declaring and awarding the following:

a) That Defendant violated Plaintiff's rights under the Americans with Disabilities Act through discrimination, harassment, and/or retaliation;

b) Actual and compensatory damages for the period of time provided by law, including appropriate legal damages for back pay, unpaid back wages at the applicable overtime rate, and lost past benefits;

c) Other compensatory damages as allowed by law, including emotional distress, mental anguish, and loss of enjoyment of life;

d) Reasonable attorneys' fees, court costs and expenses of this action;

e) Expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

f) Pre-judgment and post-judgment interest as allowed by law; and

g) Such other and further relief as may be allowed by law or in equity.

RESPECTFULLY SUBMITTED,

*/s/ Eric N. Roberson*

Eric N. Roberson
Texas State Bar No. 00792803
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, TX 75204
214-379-0817 Direct
214.969.9099
214.379.0843 Fax
ENR@KilgoreLaw.com
**ATTORNEY FOR PLAINTIFF TRESA MACE**