IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRESA MACE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-01709-M |
| | § | |
| REPUBLIC HEALTH CORPORATION OF | § | |
| ROCKWALL COUNTY, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 24). For the following reasons, the Motion to Dismiss is **DENIED**.

### I.   BACKGROUND

On July 22, 2021, Plaintiff Tresa Mace filed her Original Complaint against Defendants Republic Health Corporation of Rockwall County, d/b/a Republic Health Rockwall ("Republic") and Lake Pointe Operating Company, LLC d/b/a Baylor Scott & White Medical Center – Lake Pointe ("BSW"), asserting claims of discrimination and retaliation under the Americans with Disabilities Act, as amended, 29 U.S.C. § 621, et seq. Compl. (ECF No. 1). Plaintiff filed an Amended Complaint on September 3, 2021, (ECF No. 9), and a Second Amended Complaint ("SAC") on December 15, 2021 (ECF No. 21).

Plaintiff alleges that she began working for both Defendants, jointly, in early 2015 as an Executive Assistant to the CEO and CFO. SAC ¶ 10. She alleges that she served in her role without incident until she received a cancer diagnosis in October 2016, which required that she undergo surgery and take leave under the Family and Medical Leave Act from December 2016

1

to January 2017. *Id.* ¶¶ 10–17. Upon her return to work, Plaintiff alleges Defendants subjected her to various discrimination and retaliation, including demoting her, denying her medical accommodations, investigating attendance issues and use of a corporate credit card, and interfering with her medical treatment. *Id.* ¶¶ 13–14.

Plaintiff alleges she first communicated with the EEOC on November 24, 2017, by sending an email stating that she "would like to file a charge" of discrimination. *Id.* ¶ 24. On December 11, 2017, Plaintiff alleges that the EEOC sent Plaintiff a blank charge of discrimination, without any accompanying instructions as what the document is or how to use it, or that the charge must be filed within a certain amount of time. *Id.* Plaintiff alleges that she was forced to resign, and thus was constructively discharged, on January 4, 2018. *Id.* ¶ 15.

After Plaintiff resigned, her communications with the EEOC allegedly proceeded as follows: On April 25, 2018, Plaintiff attempted to schedule an interview with the EEOC, and communicated to the EEOC on May 1, 2018, that she was experiencing difficulty doing so. *Id.* ¶ 24. On May 1, 2018, without responding to Plaintiff's request for help scheduling an interview, the EEOC allegedly told Plaintiff that she had 300 days from the date of her discharge to file a "complaint," and that "[a]fter an interview is conducted, an assessment will be made to determine the validity of a charge." *Id.* ¶ 26. On May 7, 2018, the EEOC allegedly informed Plaintiff that an investigator would be assigned to her matter once she completed an EEOC Intake Questionnaire Form, which the EEOC provided that same day. *Id.* ¶ 24. On August 28, 2018, Plaintiff returned the Intake Questionnaire to the EEOC, but did not file a separate document called a "charge." *Id.*

Plaintiff says that on October 29, 2018—298 days after her constructive discharge—the EEOC informed her that her matter was "pending processing" with an investigator. *Id.* Plaintiff

alleges she followed up with the EEOC eight times after that, culminating in her signing her charge on January 23, 2020, 749 days her alleged constructive discharge. *Id.* ¶ 30.

The EEOC ultimately recommended Plaintiff's charge for dismissal, finding there was no employee–employer relationship between Plaintiff and BSW. Def.'s App. at 10, 68. Although on her intake form Plaintiff identified her employers as "Baylor Scott & White Rowlett – Lake Pointe/Tenet," Plaintiff does not dispute that the charge lists only BSW as Plaintiff's employer, and omits Defendant Republic. Def.'s App. at 57. Plaintiff alleges, however, that Defendants were joint employers and used the names Lake Pointe Medical Center, Lake Pointe Health Network, Baylor Scott & White Health, Baylor Scott & White Medical Center, and Tenet Healthcare Corporation ("Tenet") interchangeably,[1] and that she received forms at work, including her W-2 tax forms, that identified both Defendants as her employers. SAC ¶¶ 17, 19–22; *id.* ¶ 22 (W-2 form describing Plaintiff's employer as "Republic Health Rockwall, Baylor S&W MC Lake Point").

Defendants now move to dismiss the SAC for lack of subject matter jurisdiction and failure to state a claim. For the reasons stated below, Defendants' Motion is denied on both grounds.

## II.    LEGAL STANDARD

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional attack before considering a motion to dismiss on the merits, so as to avoid prematurely dismissing a case with prejudice. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A party may challenge the subject matter jurisdiction of the district court to hear a case under Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ.

---

[1] According to an SEC filing, of which Plaintiff has asked the Court to take judicial notice, Defendant Republic is a subsidiary of Tenet Healthcare Corporation. Pl.'s App. at 11.

3

P. 12(b)(1).  Lack of subject matter jurisdiction may be found in "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161.  Because the district court has broad discretion to decide its power to hear a case, the court may make factual findings on a Rule 12(b)(1) motion, and, unlike with a motion brought under Rule 12(b)(6), no presumption of truthfulness attaches to the plaintiff's allegations. *Williamson v. Tucker*, 645 F.2d 404, 413–14 (5th Cir. 1981).  The plaintiff bears the burden of proving, by a preponderance of the evidence, that the court has subject matter jurisdiction based on the complaint and evidence.  *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).

Rule 12(b)(6) authorizes dismissal for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In adjudicating a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

### III. ANALYSIS

Defendants seek dismissal of Plaintiff's Title VII claims on three grounds.  First, Defendants assert that Plaintiff failed to file a timely charge with the EEOC.  Second, Defendants contend that this Court should follow the EEOC's prior determination that BSW, as the only party named in Plaintiff's charge of discrimination, was not Plaintiff's employer, and must be dismissed from this lawsuit.  Third, Defendants maintain that Plaintiff failed to satisfy the exhaustion requirement as to Republic, which was not named in Plaintiff's charge.

### A. Timeliness

Plaintiff concedes that she did not file a "charge" of discriminatory conduct within 300 days of the last date of the alleged unlawful conduct, as required by Title VII. 42 U.S.C. § 2000e–5(e). She contends, however, that equitable tolling applies to save her claims.

"If an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed." *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 476–77 (5th Cir. 1991). However, "[f]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 711 (5th Cir. 2011). The Fifth Circuit recognizes that equitable tolling can be applied when the EEOC misleads a "plaintiff about the nature of her rights." *Wilson v. Sec'y, Dep't of Veterans Affs. on Behalf of Veterans Canteen Servs.*, 65 F.3d 402, 404 (5th Cir. 1995) (per curiam). The plaintiff has the burden to provide justification for equitable tolling. *Id.*

Plaintiff claims that the EEOC misled her to believe that she could not independently submit a charge without the EEOC's approval, and that, by her actions, she had satisfied her filing obligations to preserve her Title VII claim. For the purposes of this Motion, the Court finds that Plaintiff has sufficiently alleged facts to justify the application of equitable tolling here. Although the EEOC informed Plaintiff about the 300-day deadline to file a charge of discrimination, Plaintiff alleges that, 117 days after her constructive discharge, the EEOC led her to believe that a charge could not be filed until after she was interviewed and the EEOC determined whether a charge could be filed. SAC ¶ 24; Def.'s App. at 61. Relying on this representation, Plaintiff claims she followed up with the EEOC seven times before the 300th day, seeking information on the status of her interview and her case, and that in response, the EEOC

5

suggested she could not file a charge until the "the detailed charge of discrimination forms are submitted." SAC ¶ 24. According to Plaintiff, the EEOC did not assign her matter to an investigator until 298 days after her constructive discharge, at which time the EEOC disclosed her investigator's name, but did not state that Plaintiff was about to run afoul of the 300-day deadline, nor inform her that she could satisfy the deadline by filing a charge herself. *Id*. Plaintiff eventually submitted her charge 749 after her alleged constructive discharge, but alleges she believed she had properly preserved her claims, pointing to the fact that she followed up with the EEOC eight more times after the 300-day deadline alone.

The Court concludes that Plaintiff's allegations, coupled with the documentation in the investigation file submitted by Defendants, plausibly allege that, by suggesting Plaintiff had to wait for EEOC approval to file a charge, the EEOC misled Plaintiff into believing she had fulfilled her statutory obligations to preserve her claims under Title VII. Thus, for the purposes of the Motion to Dismiss, the Court finds equitable tolling applies to render Plaintiff's Title VII claims viable, despite the undisputed untimely filing of her charge.

### B. Jurisdiction over BSW

Defendants move to dismiss Plaintiffs' claim against BSW under Rule 12(b)(1) for lack of jurisdiction. Defendants argue that Republic was Plaintiff's sole employer and is a separate entity from BSW, and accordingly, the Court lacks jurisdiction over BSW. Plaintiff argues that although she listed only BSW in her charge, Republic and BSW were her joint employers, so the Court retains jurisdiction over both Defendants.

An employee–employer relationship is a prerequisite to a Title VII employment discrimination claim. *Diggs v. Harris Hosp.—Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988); 42 U.S.C. § 2000e. To determine whether two entities may be held liable as joint

employers, the Fifth Circuit employs the "hybrid economic realities/common law control test." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 (5th Cir. 2015).  The most important component of the test is the right to control an employee's conduct, which is a fact-specific inquiry.  *Muhammad v. Dall. Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007).  To evaluate level of control, courts look to the entity that maintains "the right to hire and fire, the right to supervise, and the right to set the employee's work schedule."  *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 929 (5th Cir. 2021).  The "economic realities" component focuses on who paid the employee's salary, provided benefits, withheld taxes, and set the terms of employment.  *Id.*

      Plaintiff maintains that Defendants were her joint employers.  Specifically, she alleges that she received a payroll deduction form on BSW's letterhead, and that W-2 forms provided to her between 2016 and 2018 listed BSW as her employer.  SAC ¶ 21–22.  Although the Court may examine evidence from the record to determine whether it has subject matter jurisdiction, Plaintiff does not provide copies of the forms described in the SAC.  Regardless, because factual findings related to subject matter jurisdiction are intertwined with the merits of a Title VII claim, the Court should not dismiss a claim for lack of subject matter jurisdiction "unless the alleged claim is immaterial or is wholly insubstantial and frivolous." *Williamson*, 645 F.2d at 413.  The Court finds that Plaintiff's allegations as to Defendants being her joint employers are not wholly insubstantial or frivolous so as disregarded at this stage for lack of supporting evidence.  Under the economic realities prong of the relevant test, Plaintiff's allegations tend to show that both Defendants had some role in Plaintiff's employment.

      Defendants argue as a factual matter that they were not Plaintiff's joint employers, and refer to the EEOC's Right to Sue Letter, reflecting the EEOC's decision not to pursue its

investigation further after BSW represented to the EEOC—and the EEOC concluded—that BSW was not Plaintiff's employer. In making this argument, Defendants urge the Court to take judicial notice of the EEOC investigation file, which Defendants argue Plaintiff implicitly incorporated into the SAC when she referred to the intake questionnaire and other communications with the EEOC. Mot. at 2–3. Plaintiff objects to the consideration of these documents as inadmissible hearsay.[2]

BSW's denial that it employed Plaintiff and the EEOC's subsequent acceptance of that denial do not conclusively establish the hybrid economic realities/common law control factors that determine joint employer status. Accordingly, for the purposes of the Motion to Dismiss, the Court thus finds that Plaintiff has sufficiently alleged that BSW, along with Republic, were her joint employers. The Court denies Plaintiff's hearsay objections as moot for the purposes of this motion, but Plaintiff may reassert these objections at a later time.[3]

### C. The Exhaustion Requirement under Title VII

Defendants maintain that Plaintiff's claim against Republic should be dismissed because Republic was not named in Plaintiff's EEOC charge, and accordingly, Plaintiff did not exhaust her administrative remedies as to Republic.

---

[2] In addition, Plaintiff argues that the Court may not take judicial notice of the documents attached to Defendants' Motion to Dismiss unless the Court converts the Motion into a motion for summary judgment. Resp. at 5. Under Federal Rule of Civil Procedure 12(d), a district court must treat a motion filed under 12(b)(6) or 12(c) as a motion for summary judgment in order to consider materials outside the pleadings. Fed. R. Civ. P. 12(d). Defendants move to dismiss the claim against BSW under Rule 12(b)(1), which challenges subject matter jurisdiction. As discussed, the Court has broad discretion to consider evidence outside the pleadings to determine its own jurisdiction.

[3] On a motion to dismiss, a district court may take judicial notice of publicly available documents produced by agencies, such as transcripts, which are directly relevant to the issue at hand. See *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). Documents referenced in a complaint, moreover, if attached to a defendant's motion to dismiss and central to a plaintiff's claim, may be considered part of the pleadings. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). The investigation file falls within the hearsay exception for government files under Federal Rule of Evidence 803(8)(c), but it contains certain statements which constitute inadmissible hearsay within hearsay that the Court may not consider, such as BSW's statement to the EEOC that BSW was not Plaintiff's employer, which Defendants offered for the purpose of proving that fact. Fed. R. Evid. 805. Additionally, although Plaintiff's own statements are not hearsay, such as Plaintiff's statement that her supervisors were terminated "after Baylor took over," the Court finds they are not relevant to whether Defendant BSW was Plaintiff's employer.

A plaintiff that brings a claim of employment discrimination under Title VII "must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *see also* 42 U.S.C. § 2000e–5(f). The exhaustion requirement is satisfied when the claimant files a timely charge with the EEOC and receives a statutory notice of right to sue. *Taylor*, 296 F.3d at 378–79. Because Plaintiff received a notice of her right to sue, the Court looks to whether Plaintiff filed a timely charge with the EEOC as to Republic.[4]

Typically, "a party not named in an EEOC charge may not be sued under Title VII." *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988). Generally, a claimant may sue an unnamed party only if it is legally identical to the party sued, or if the unnamed party "unfairly prevented the filing of an EEOC charge." *Id.* The Fifth Circuit recognizes two exceptions to the named-party requirement: first, where the party that appeared before the EEOC adequately represented the unnamed party's interests, which is called the "identity-of-interest" exception; and second, where there was actual notice to such a party. *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 482–83 (5th Cir. 2014). Plaintiff does not allege that Republic prevented her from filing a charge against it. Therefore, the Court turns to the identity-of-interest and actual notice exceptions.

To invoke the identity-of interest exception, courts consider whether (1) the role of the unnamed party could not through reasonable effort be ascertained at the time of filing with the EEOC; (2) under the circumstances, the interests of a named party are so similar that it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed

---

[4] As discussed, the Court has already determined that equitable tolling applies in this case to preserve the claims set forth in Plaintiff's otherwise untimely charge of discrimination filed with the EEOC.

9

party; and (4) the unnamed party represented to the complainant that its relationship with the complainant should be through the named party. *Id.* No single prong of the exception is dispositive; instead, courts should evaluate each prong in light of Title VII's remedial purposes. *Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130, U.A.*, 657 F.2d 890, 908 (7th Cir. 1981).[5]

Plaintiff alleges in the SAC that she received a notice of nondiscrimination, an employee performance review, and a payroll deduction form from BSW, but that she received W-2 forms from Republic, and that BSW and Republic were joint venturers and used their names interchangeably. Plaintiff contends she has sufficiently alleged that Defendants' interests were so similar that it was unnecessary to include Republic in the charge, and that failing to include it in the charge did not cause Republic prejudice. SAC ¶¶ 17, 19–22. In the alternative, Plaintiff argues that she satisfies the actual notice exception because Defendants were joint employers, and cites a press release from Defendants' respective parent companies announcing that they were in partnership. Resp. at 17.

The Court finds that Plaintiff has sufficiently pleaded that Defendants have an identity-of-interest because Plaintiff alleged both Defendants paid her, withheld taxes from her paycheck, and controlled the administration of her job. Accordingly, Plaintiff's charge filed with the EEOC satisfied the exhaustion requirement as to both Defendants.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED.

---

[5] The Fifth Circuit in *Simbaki* adopted the identity-of-interest test from *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977), and the actual notice test from *Eggleston*, 657 F.2d at 907. *See Simbaki*, 767 F.3d at 484–85.

**SO ORDERED**.

July 25, 2022.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

11